IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| PHILADELPHIA CONSOLIDATED HOLDING CORP. d/b/a PHILADELPHIA INSURANCE COMPANIES, <br><br> Plaintiff, <br><br> v. <br><br> LSI-LOWERY SYSTEMS, INC., HODELL-NATCO INDUSTRIES, INC., and THE INTEGRATED BUSINESS SOLUTIONS GROUP, INC., d/b/a THE IBIS GROUP, LLC., <br> Defendants. | ) ) ) ) ) ) ) ) Case No.: ) ) ) ) ) ) ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Philadelphia Consolidated Holding Corp., for its Complaint for Declaratory Judgment under 28 U.S.C. §§ 2200 and 2201 and Rule 57 of the Federal Rules of Civil Procedure, states:

PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Philadelphia Consolidated Holding Corp. ("Philadelphia") is a corporation organized under the laws of the State of Pennsylvania, with its principal place of business in Bala Cynwyd, Pennsylvania. Philadelphia is registered with and has been authorized by the Missouri Department of Insurance to conduct insurance business in the State of Missouri.

2. Defendant LSI-Lowery Systems, Inc. ("LSI"), is a corporation organized and existing under the laws of the State of Missouri, with its principal place of business in Fenton, Missouri.

3. Defendant Hodell-Natco Industries, Inc. ("Hodell"), is a foreign corporation authorized to do business in the State of Missouri and is in good standing.

4. Defendant The Integrated Business Solutions Group d/b/a The Ibis Group is a corporation organized and existing under the laws of the State of Missouri, with its principal place of business in Cleveland, Missouri.

5. This Court has jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs, and the parties are citizens of different states.

6. Venue is proper in this district under 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to this claim occurred in this district.

### GENERAL ALLEGATIONS

7. Philadelphia brings this action seeking the interpretation of the insurance policies described below and a declaration of its rights and obligations thereunder with respect to the lawsuit filed by Hodell against LSI that LSI has tendered to Philadelphia for a defense and indemnification.

8. An actual and justiciable controversy exists between Philadelphia and LSI and Hodell concerning their respective rights and obligations under Philadelphia policy number PHSD319209 with policy periods of April 23, 2007, to April 23, 2008 (the "2007 Policy"); and

Philadelphia policy number PHSD319209 with policy periods of April 23, 2008, to April 23, 2009 (the "2008 Policy").

9. Resolution of matters raised in this action will dispose of all issues between the parties to the Policy and the parties with an interest in the property at issue.

10. All necessary and proper parties are before the Court for the matters in controversy, and there is no other litigation between the parties concerning their rights and obligations under the Policy.

11. Philadelphia has complied with all conditions precedent under the 2007 and 2008 Policies, and Philadelphia has no other adequate remedy at law.

## THE INSURANCE POLICIES

12. On or before April 19, 2007, LSI applied for professional liability insurance with Philadelphia (the "Application").

13. In the Application, LSI indicated that no "principals, partners and officers" were aware of "any act, error, omission, unresolved job dispute or any other circumstance that is or could be the basis for a claim under the proposed insurance."

14. In the Application, LSI indicated that it had maintained professional liability insurance continually for at least the previous three years.

15. Effective April 23, 2007, to April 23, 2008, Philadelphia issued a Professional Liability Insurance Policy, being Policy No. PHSD250284 (the "2007 Policy") to LSI. A true and accurate copy of the 2007 Policy is attached as Exhibit 1.

16. Effective April 23, 2008, to April 23, 2009, Philadelphia issued a Professional Liability Insurance Policy, being Policy No. PHSD319209 (the "2008 Policy") to LSI. A true and accurate copy of the 2008 Policy is attached as Exhibit 2.

17. Philadelphia issued both its policies to LSI at its business address in Fenton, Missouri.

### THE UNDERLYING LITIGATION

18. LSI is a defendant in *Hodell-Natco Industries, Inc., v. LSI-Lowery Systems, Inc., et al.*, No. 1:08-cv-02755-LW (N.D. Ohio), which is now pending in the United States District Court for the Northern District of Ohio. A true and accurate copy of Hodell's First Amended Complaint is attached as Exhibit 3, without exhibits.

19. Hodell alleges that SAP America and SAP AG, its German parent company, developed a business application program, branded as "SAP Business One." Hodell further alleges that LSI is a member of SAP's "partner" program and was authorized agents and resellers of SAP Business One.

20. In 2003, Hodell sought a computer software system capable of providing integrated financial and sales management programs. Hodell sought a system that could accommodate 80 users initially, with the potential for additional users as Hodell expanded its business.

21. Hodell alleges that LSI fraudulently misrepresented SAP Business One's capabilities when marketing it to Hodell. In particular, Hodell claims LSI misrepresented the number of users the system could reasonably support, its ability to implement and install the

4

software effectively, and the availability of high-level and industry-specific customer support from the system.

22. Hodell further alleges that LSI breached its contract and implied warranties of merchantability by failing to provide a fully functioning software program as contemplated in the parties' contract.

23. Hodell next alleges that by failing to provide even basic and essential functionality of SAP Business One, LSI breached its duty of ordinary care to Hodell.

24. Finally, Hodell alleges that to the extent LSI did not knowingly misrepresent the capabilities of the SAP Business One software, it negligently misrepresented the capabilities without exercising reasonable care or competence, to Hodell's detriment.

25. Hodell seeks in excess of $1.5 million in actual damages for each of its claims.

26. LSI has requested Philadelphia to provide it a defense against Hodell's lawsuit under the Philadelphia policies described above.

27. Philadelphia has agreed to defend LSI under a reservation of rights.

### FACTUAL BACKGROUND

28. On information and belief, before April 23, 2007, LSI received notice of deficiencies in its product and services from Hodell, such that LSI had notice of a claim or had notice of a basis that might reasonably be expected to give rise to a claim under the insurance provided in Philadelphia's policies.

29. On or about April 25, 2007, LSI received notice of deficiencies in its product and services from Hodell, including a calculation of damages suffered by Hodell due to LSI's

alleged errors, omissions, and professional negligence, such that LSI had notice of a claim or had notice of a basis that might reasonably be expected to give rise to a claim under the insurance provided in the 2007 Policy.

30. LSI did not report Hodell's claim to Philadelphia until December 8, 2008, after the expiration of the 2007 Policy.

### PHILADELPHIA'S 2007 PROFESSIONAL LIABILITY INSURANCE POLICY

31. The 2007 Professional Liability Insurance Policy contains the following Endorsement:

> By accepting this Policy, the **Insured** agrees that the statements in the application are personal representations, that they shall be deemed material, and that this Policy is issued in reliance upon the truth of such representations.

32. Philadelphia's 2007 Policy provides the following coverage:

> **THIS IS A CLAIMS MADE POLICY – PLEASE READ IT CAREFULLY**
>
> …
>
> I.   COVERAGE
>
> The **Company** shall pay on behalf of the **Insured** all sums, not exceeding the Limits of Liability and in excess of the applicable Deductible set forth in the Declarations, for which the **Insured** shall become legally obligated to pay as **Damages** resulting from any **Claim** first made against the **Insured** and reported to the **Company** by written notice during the **Policy Period**; PROVIDED ALWAYS THAT such **Claim** is by reason of a **Wrongful Act** committed:
>
> A.   During the **Policy Period**; or
> B.   Prior to the **Policy Period** and subsequent to the Retroactive Date stated in Item 6 of the Declarations provided that prior to the effective date of this Policy:

    1. The **Insured** did not give notice of any such **Wrongful Act** under any prior insurance policy; and

    2. The **Insured** had no basis to believe that such **Wrongful Act** might reasonably be expected to give rise to a **Claim** under this Policy.

33. Philadelphia's 2007 Policy defines a "claim" as a demand received by the insured for money, including the service of suit or institution of arbitration proceedings involving the insured.

34. Philadelphia's 2007 Policy defines a "wrongful act" as a negligent act, error, or omission committed or alleged to have been committed by the insured or any person for whom the insured is legally liable in the rendering of professional services.

35. Philadelphia's 2007 Policy contains the following exclusions:

V. THIS POLICY DOES NOT APPLY TO ANY CLAIM AND CLAIM EXPENSESS ARISING OUT OF:

…

  H. any express warranties or guarantees or; the **Insured** assuming liability under contract unless the **Insured** would have been legally liable in the absence of such contract.

36. Philadelphia's 2007 Policy contains the following conditions regarding the reporting of a potential claim:

  B. **Notice and Claim Reporting Provisions:** Notice hereunder shall be given by or on behalf of the **Insured** in writing to the **Company** at One Bala Plaza, Suite 100, Bala Cynwyd, PA 19004 Attn: Claims Department or to any Authorized Representative of the **Company**.

    1. The **Insured** shall, as a condition precedent to the obligations of the **Company** under this policy, give

7

        written notice to the **Company** as soon as practicable during the **Policy Period**, or during the Extended Reporting Period (if any), of any **Claim** made against the **Insured**.

2. If during the **Policy Period**, or during the Extended Reporting Period (if any), the **Insured** shall become aware of any circumstance which could reasonably be expected to give rise to a **Claim,** the **Insured** shall give written notice to the **Company** regarding all particulars of said incident as soon as practicable after **you** become aware of said incident as soon as possible.  Such written notice of any circumstance must include:

   a. the specific **Wrongful Act; and**
   b. the **Damages** which have or may result from such **Wrongful Act; and**
   c. the circumstances by which the **Insured** first becomes aware of such **Wrongful Act**.

    Any **Claim** then arising out of such **Wrongful Act** will be considered to have been first made at the time of the original notice.

…

N. **Authorization Clause:**  By acceptance of this policy, the **Insured** agrees that the statements in the Application are its agreements and representations that this policy is issued in reliance upon the truth of such representations. This policy embodies all existing agreements between the **Insured** and the **Company** relating to this insurance.

…

Q. **False or Fraudulent Claims:**  If any **Insured** shall commit fraud in presenting any **Claim** as regards amounts or otherwise, this insurance shall become void as to such **Insured** form the date such fraudulent **Claim** is presented.

8

37. Philadelphia's 2007 Policy, as modified by Endorsement PI-PLSP-145 entitled Computer/Technology Consultant Pro-Pak Elite, contains the following exclusion:

> D. Any sale or defect of any non-customized commercially available computer software or hardware products;

### PHILADELPHIA'S 2008 PROFESSIONAL LIABILITY INSURANCE POLICY

38. Philadelphia's 2008 Professional Liability Insurance Policy contains the following Endorsement:

> By accepting this Policy, the **Insured** agrees that the statements in the application are personal representations, that they shall be deemed material, and that this Policy is issued in reliance upon the truth of such representations.

39. Philadelphia's 2008 Policy provides the following coverage:

> **THIS IS A CLAIMS MADE POLICY – PLEASE READ IT CAREFULLY**
>
> …
>
> I. INSURING AGREEMENTS
>
> A. **Professional Liability Coverage**
>
> **We** shall pay on **your** behalf all sums, not exceeding the Limits of Liability and in excess of the applicable Deductible set forth in the Declarations, for which **you** shall become legally obligated to pay as damages resulting from any **claim** first made against **you** during the **policy period** or any subsequent extended reporting period arising out of a **wrongful act** committed after the **retroactive** date stated in Item 6. of the Declarations and prior to the end of the **policy period**.

40. Philadelphia's 2008 Policy defines a "claim" as a demand received by you for money or services, including the service of suit or institution of arbitration

9

proceedings involving you arising from any alleged wrongful act shall also include any request to toll the statute of limitations relating to a potential claim involving an alleged wrongful act.

      41.      Philadelphia's 2008 Policy defines a "wrongful act" as a negligent act, error, or omission committed or alleged to have been committed by the insured or any person for whom the insured is legally liable in the rendering of professional services.

      42.      Philadelphia's 2008 Policy contains the following exclusions:

**THIS POLICY DOES NOT APPLY TO ANY CLAIM OR CLAIM EXPENSES:**

      H.      any express warranties or guarantees or; the **Insured** assuming liability under contract unless the **Insured** would have been legally liable in the absence of such contract.

      …

      P.      arising out of, resulting from, based upon or in consequence of, directly or indirectly, any **wrongful act** committed prior to the **policy period** and subsequent to the **retroactive date** for which you gave notice under any prior insurance policy or which you had any basis to believe might reasonably be expected to give rise to a **claim** under this Policy.

      43.      Philadelphia's 2008 Policy contains the following conditions regarding the reporting of a potential claim:

      V.      **GENERAL CONDITIONS**

      …

      B.      **Notice and Claim Reporting Provisions:**

10

Notice hereunder shall be given by **you** or on **your** behalf in writing to us at One Bala Plaza, Suite 100, Bala Cynwyd, PA 19004 Attn: Claims Department.

1. **You** shall, as a condition precedent to **our** obligations under this policy, give written notice to us as soon as practicable during the **policy period**, or during the Extended Reporting Period (if any), of any **claim** made against **you**.

2. If during the **policy period**, or during the Extended Reporting Period (if any), but not during the Automatic Extension, **you** shall become aware of any circumstance which could reasonably be expected to give rise to a **claim, you** shall give written notice to us regarding all particulars of said incident as soon as practicable after **you** become aware of said circumstance. Such written notice of any circumstance must include:
    a. the specific **wrongful act**; and
    b. the **damages** which have or may result from such **wrongful act**; and
    c. the circumstances by which **you** first became aware of such **wrongful act**.

    Any **claim** then arising out of such **wrongful act** will be considered to have been first made at the time of the original notice.

…

M. **Authorization Clause:**

By acceptance of this policy, **you** agree that the statements in the application are **your** agreements and representations and that this policy is issued in reliance upon the truth of such representations. This policy embodies all existing agreements between **you** and us relating to this insurance.

…

P. **False or Fraudulent Claims:**

11

> If any **insured** shall commit fraud in presenting any **claim** as regards amounts or otherwise, this insurance shall become void as to such **insured** form the date such fraudulent **claim** is presented.

### GROUNDS FOR DECLARATORY RELIEF

44. The Philadelphia 2007 policy affords no coverage for Hodell's claims against LSI because LSI, its principals, partners, and/or officers were aware of an act, error, omission, unresolved job dispute or other circumstance that was, or could be, the basis for a claim under the proposed insurance.

45. The Philadelphia 2007 policy affords no coverage because the policy is void abinitio based on LSI's material misrepresentation in the Application in failing to disclose acts, errors, omissions, and unresolved job disputes occurring before the policy that was or could have been the basis for a claim under the proposed insurance.

46. The Philadelphia 2007 policy affords no coverage for Hodell's claims against LSI because LSI failed to report a claim, a prerequisite to coverage under the claims made and reported policy.

47. Neither the Philadelphia 2007 policy nor the Philadelphia 2008 policy affords coverage for claims by Hodell relating to non-customized commercially available computer software or hardware products provided by LSI.

48. The Philadelphia 2008 policy affords no coverage for Hodell's claims against LSI. Philadelphia's policy provides coverage only for claims that are made and reported

within the same policy period. Hodell made its claims before the 2008 policy effective dates and, therefore, does not qualify for coverage under the policy.

49.     In addition, even if Hodell's claims were held to fall within the available coverage under Philadelphia's 2008 policy, which Philadelphia denies, several exclusions would be available to bar coverage, namely, Exclusion H, excluding coverage for any express warranties or guarantees, and Exclusion P, excluding coverage for any wrongful acts known by the insured to present a potential claim before the policy's effective dates.

50.     The Philadelphia 2007 policy affords no coverage for claims by Hodell relating to non-customized commercially available computer software or hardware products provided by LSI.

WHEREFORE, Plaintiff Philadelphia Consolidated Holding Corp. respectfully prays for the following relief:

    A.     A declaratory judgment construing the terms and provisions of the 2007 or 2008 Philadelphia insurance policies and determining the rights and obligations of Philadelphia, LSI, and IBIS thereunder;

    B.     A declaratory judgment that Philadelphia has no duty to provide a defense to LSI or IBIS for the claims of Hodell, SAP America, or SAP AG under the 2007 or 2008 policies;

    C.     A declaratory judgment that Philadelphia has no duty to provide coverage or to indemnify LSI or IBIS for the claims of Hodell, SAP America, or SAP AG under the 2007 or 2008 policies;

D.      An award of Philadelphia's attorney fees and costs; and

E.      Such further relief as the Court may deem just and proper.

**BROWN & JAMES, P.C.**

/s/ Teresa M. Young

| Steven H. Schwartz | #36436 Mo. |
|---|---|
| sswartz@bjpc.com | |
| Teresa M. Young | #53427 Mo. |
| tyoung@bjpc.com | |

1010 Market Street, 20th floor
St. Louis, MO 63101
314.421.3400
Fax: 314.421.3128

**Attorney for Plaintiff**
**Philadelphia Insurance Companies**

#9820595